(26 Misc. Rep. 723.)

### FABER et al. v. PHILLIPS.

(Supreme Court, Appellate Term.   March 24, 1899.)

ACTION FOR RENT—TORTS—COUNTERCLAIM.

Code Civ. Proc. § 501, prohibiting the maintenance of a counterclaim founded on a tort, not arising out of the contract or transaction set forth in the complaint as the foundation of plaintiff's claim, or connected with the subject of the action, precludes a tenant, in an action for rent, from maintaining a counterclaim for damages caused by alterations of the premises made by the landlord.

Appeal from municipal court, borough of Manhattan, Eighth district.

Action by Angelica Faber and others against George W. Phillips. Judgment for plaintiffs, and defendant appeals.   Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

M. E. Duffy, for appellant.

Ivans, Kidder & Melcher, for respondents.

FREEDMAN, P. J.   The action was brought to recover the sum of $50 for rent of certain premises from September 15, 1898, to October 15, 1898.   The defendant, by his answer, admitted the hiring of the premises, and then attempted to plead an eviction, and also a counterclaim for damages.   The pleadings were in writing, and verified.   At the trial it clearly appeared that, by the terms of the contract between the parties, the sum of $50 became due and payable on September 15, 1898, for one month's rent, payable in advance; that the defendant occupied the premises until October 15, 1898; and that there was no eviction which could defeat plaintiffs' claim for rent for the period sued for.

The counterclaim was disallowed, because, in the opinion of the court below, it could not be maintained, under section 501 of the Code of Civil Procedure, in the present action for rent accrued, even though the defendant might maintain a separate action upon the facts embraced therein.   This ruling was correct, for it sufficiently appeared in the course of the trial that the damages for injuries to defendant's goods, and for the expenses incurred in defendant's removal from the premises, were caused by plaintiffs' wrongful and unlawful entry, and other wrongful acts committed by the plaintiffs in the course of altering and changing the house from a private house to a flat house.   The counterclaim was therefore founded upon a tort, not arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiffs' claim, and not connected with the subject-matter of the action, and for these reasons could not be interposed in the present action, which was founded upon contract.   None of the cases cited by the defendant are applicable to this case.   They consist mostly of cases founded upon the landlord's neglect of duty to do something which, under his contract with the tenant, he was bound to do.   The counterclaim was, therefore, properly disallowed, for the reasons stated, for no reply was required in the court below.

Another reason for not disturbing the judgment appealed from is that, under the most liberal interpretation of the counterclaim as pleaded, no facts appear to have been set forth therein constituting a counterclaim.

The judgment should be affirmed, with costs. All concur.